IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE: MICHAEL J. PATTERSON, SR. )        CHAPTER  13
                                            )
           Debtor.                    )
                                            )        CASE NO.  13-70227

## MEMORANDUM DECISION

The Debtor filed this Chapter 13 case on February 13, 2013. Because a prior Chapter 13 case on behalf of this same Debtor had been pending within the preceding twelve months, the Debtor filed in this case on February 27, 2013 a motion pursuant to Bankruptcy Code 11 U.S.C. § 362(c)(3) seeking extension of the automatic stay in bankruptcy beyond thirty days following the petition filing date or imposing a stay pursuant to 11 U.S.C. § 362(c)(4). This motion was noticed for hearing on March 11. Objections to this motion were filed by counsel for Franklin Community Bank, N.A. and the Bank of Floyd. The parties were able to reach a consensual resolution of the motion and the objections to it which they announced at the hearing and therefore the Court never heard evidence or made a ruling on the motion. Darren T. Delafield, Esq., counsel for the Debtor, was directed by the Court to prepare and submit within ten days as provided by this Court's Local Rule 9072-1 an agreed order setting forth the terms of the agreement reached by the parties. Due to certain problems with the draft order first submitted, the order which was accepted by the Court was not actually entered or docketed until March 26, 2013. That Order did provide for the stay to be continued but conditioned on the Debtor taking certain actions no later than March 25, the day before the Order was actually entered, with respect to certain commitments made to the Bank of Floyd and Franklin Community Bank. Only his commitments made to the Bank of Floyd are at issue here. The

Debtor agreed to do the following things by that date: (1) deliver payment to the Bank of Floyd, through its counsel at such counsel's office address, in the amount of $974.12 regarding property located at 407 Timber Ridge Road; (2) deliver payment to the Bank of Floyd, through its counsel at such counsel's office address, in the amount of $350.00 regarding property located at 287 Franklin Street; and (3) deliver to the Bank of Floyd, through its counsel, a copy of the Debtor's 2011 federal income tax return and a copy of a fully executed listing agreement with a realtor or auction company providing for the sale of the Franklin Street property.

Immediately after the entry and docketing of the agreed order on March 26, the Bank of Floyd filed a Notice of Default, which asserted that the Debtor had defaulted under the obligations of the agreed order in that he had failed to deliver to the Bank's counsel the two required payments and the listing agreement. On March 28 the Debtor delivered to the Clerk a personal letter dated March 27 addressed to the undersigned which contended that he called the Bank of Floyd collector to let him know that he was on his way to his office to make his payment on March 25. The Debtor asserts that he was told by the Bank that he needed to make his payment to the Bank's counsel, of which he was not aware, and that the Bank would not cash his payroll check as they had done for him in the past. The Debtor asserts that neither the Bank nor his attorney made him aware that the Bank would not accept his payment on the following day and that if he had known that, he would have taken the check to the Bank's counsel on the evening of the 25th. The Debtor further states that he has two loans with Bank of Floyd, with "enough cash to make one of them" and that going forward, he will make sure he is "educated on all procedures." The undersigned directed that such letter be docketed and replied to the Debtor with the suggestion that he confer with his counsel of record with respect to his concerns. Other

than the Debtor's letter, no response was filed to the Notice of Default. The Court next held a hearing on April 22 with respect to a separate motion filed by the Debtor to obtain court approval of the sale of certain property, along with plan confirmation and the continued hearing on the Debtor's motion to extend the stay.[1] At this hearing counsel for the Bank of Floyd appeared. The issue of the termination of the automatic stay was raised. Debtor's counsel stated that he had not filed a response to the Notice of Default because he did not feel that he had a proper basis to do so under the language of the agreed order which restricted the nature of the contentions which could be raised in responding to such a notice. Counsel further stated that his client had requested him to make an oral motion at the hearing to reimpose the automatic stay. Counsel for the Bank objected to the hearing of such motion, which the Court took under advisement. The Court allowed the Debtor to testify and be subject to cross-examination by counsel for the Bank of Floyd and the Chapter 13 Trustee. The Court did not rule from the bench but took such motion under advisement.

        On April 24, 2013, after further review of the matter, the undersigned sent a letter to counsel expressing his concerns over the fact that the Order required the Debtor to perform certain actions by March 25, the day before the Order memorializing the parties' agreement was actually entered, and the Bank's filing of a notice of default immediately following the docketing of that Order. The Court also expressed concerns that this has resulted in a situation where the Debtor was put in a situation in this case where his default was almost assured. In this letter, the Court also noted that according to the schedules and Debtor's testimony, there is sufficient

---

[1] A hearing was also held in this Court on April 8, 2013 regarding another motion filed by the Debtor to sell property on Ashbrook Street. Neither the Debtor's motion to extend the stay or the Notice of Default was mentioned at this hearing.

equity in the two properties securing the Bank of Floyd that could stand as adequate protection to the Bank for a reasonable period of time to allow the Debtor an opportunity to sell property and take care of his obligations to the Bank.[2]  The Court invited the parties to reassess their position in light of the Debtor's efforts in this case and the concerns expressed by the Court.  On May 3, 2013 Mr. Warner responded to the Court's letter stating that the Debtor was fully aware of his obligations to the Bank, as outlined in the Order, at the conclusion of the March 11 hearing. Counsel for the Bank asserts that prior to the March 11 hearing he met with the Debtor and Debtor's counsel and discussed the terms under which the Bank would agree to a continuation of the automatic stay.  At that time, the terms which are memorialized in the Order were all finalized prior to the hearing and were again outlined for the Court at the hearing with the Debtor and Debtor's counsel present.  He further asserts that the amount of the payments and the due dates for those payments were proposed by the Debtor and agreed to by the Bank.  Additionally, counsel states that the Debtor attempted to make the required payments on March 26, the day after the payments were due; however the Bank refused to accept the payments based on the Debtor's failure to comply with the terms of the Order.  Counsel further asserts that the Debtor did not provide a copy of the listing agreement for the sale of the Debtor's property on Franklin Street as required by the Order either on the March 25 or at the hearing on April 22 and that no agreement had been provided to counsel as of the date of his letter.

       After review of this response, the Court, by its own May 8 letter, invited counsel

---

[2] According to Schedules A and D, the Timber Ridge Road property has a tax assessed value of $181,600 with secured claims totaling $90,665.  Those same schedules show that the Franklin Street property has a tax assessed value of $79,400 with secured claims in the amount of $53,071.22.

for the Debtor and the Chapter 13 Trustee to respond to Mr. Warner's letter. The Chapter 13 Trustee responded by letter dated May 8 indicating his concern that the relief claimed by the Bank appears incongruous with the intent behind 11 U.S.C. §362(d) and (g). Counsel for the Debtor also responded on May 8. In that letter, Debtor's counsel does not dispute any of the contentions made by the Bank's counsel in his prior letter. Instead, counsel states that the Debtor desires to pursue a reorganization of his debts via a chapter 13 petition and to pay his creditors, including the Bank of Floyd. He further states that the Debtor believes that the closing of both sales of real property will be completed shortly and that he will have sufficient sale proceeds to cure all pre- and post- petition defaults for both loans of the Bank and that the Debtor will tender sufficient funds no later than May 31 so that the Trustee can make the June payment to the Bank. On May 9, the undersigned again requested that the parties discuss this matter to determine if any resolution could be reached by the parties. To date, no response has been made to such letter.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. While the present motion is not precisely one to "terminate, annul, or modify the automatic stay, as provided for in 28 U.S.C. § 157(b)(2)(G), the Court concludes that it is of the same nature as such a motion and therefore constitutes a "core" bankruptcy proceeding pursuant within the meaning of such statute.

These events have been quite troubling to the Court because it has been put in the situation of either declining to enforce an agreement reached by the parties, all of them represented by counsel, or to enforce it in the belief that something of an injustice is being perpetrated. At bottom, this belief springs in part from a sense that the Bank has simply driven too hard of a bargain to give its consent to an extension of the automatic stay and then has sought to enforce that bargain to the fullest extent without consideration of anything other than its seeming determination to foreclose on its very well secured loans without any further delay and regardless of the effect of such foreclosure upon its customer. Such an approach has caused the Court to consider invocation of its general equitable powers under § 105(a) of the Bankruptcy Code, something it has very rarely, if ever, done previously. If the only default in question were the failure to make the payments on the agreed date of March 25, the Court, at least, would schedule an evidentiary hearing to inquire further into the allegations made by the Debtor in his letter to the Court, particularly the Bank's alleged refusal to cash the Debtor's payroll check which it had been willing to do previously and the effect of such unwillingness upon the Debtor's ability to perform on the agreed March 25 date. That is not the case, however. The Debtor failed to enter into or deliver to the Bank the agreed upon listing agreement and it did not appear at the April 22nd hearing that he had even done so by that date. This is too significant a failure of performance of an agreed condition for the Court to consider it as a non-material breach of the agreed terms of the Order. Accordingly, with considerable disquiet, the Court concludes that it must deny the Debtor's oral motion to reimpose the automatic stay and leave him with the consequences of the agreement which he made in order to avoid a contested hearing before the Court on his motion to extend the automatic stay. An order to such effect will be

entered contemporaneously herewith.

DECIDED this 23rd day of May, 2013.

_____
UNITED STATES BANKRUPTCY JUDGE